IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA      :
                              :
          v.                  :        1:09CR212-1
                              :
MICHAEL CHRISTOPHER ISLEY     :


RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

COMES NOW the United States of America, by and through Anna
Mills Wagoner, United States Attorney for the Middle District of
North Carolina, through her assistant, Lisa B. Boggs, in response
to Defendant's Motion to Dismiss the Indictment filed August 26,
2009, and shows unto the court the following:

Defendant Isley was indicted on June 29, 2009, and charged
in a one-count Indictment with a violation of 18 U.S.C.
§922(g)(1), felon in possession of a firearm.  His Indictment
alleged that Defendant Isley had been convicted on September 3,
2003, in the Guilford County Superior Court of possession with
intent to sell and distribute marijuana.  This offense is a Class
I felony in the State of North Carolina.

Defendant Isley has filed the instant Motion to Dismiss
Indictment alleging that the Indictment "fails to state an
offense". (Def. Mot. at p. 1).  He contends, based on his prior
record, that under the North Carolina structured sentencing
tables his offense was only punishable by six to eight months.
Thus, he argues his offense was not punishable by more than a
year and therefore was not a felony.  While acknowledging that

the law in the Fourth Circuit as set forth in <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir), <u>cert</u>. <u>denied</u>, 546 U.S. 919, 126 S.Ct. 297, 163 L.Ed.2d 259 (2005), is contrary to his position, he nonetheless has filed this motion to preserve this issue for appeal.

As noted in <u>Harp</u> a "prior North Carolina conviction was for a 'crime punishable by imprisonment for a term exceeding one year' ... if *any* defendant charged with that crime could receive a sentence of more than one year." <u>Id</u>. at 246 (emphasis in original)(citing <u>United States v. Jones</u>, 195 F.3d 205, 206-07 (4th Cir. 1999)). Thus, Defendant's argument that he could not have received a sentence in excess of one year is irrelevant as courts do not make individualized analysis of how sentencing options are applied in individual cases for purposes of determining if a prior conviction was "punishable by imprisonment for a term exceeding one year." <u>See</u> <u>Id</u>.

Based on the foregoing, the United States respectfully requests that Defendant's Motion to Dismiss the Indictment be denied.

This the 26th day of August, 2009.

<div style="margin-left: 40%;">

ANNA MILLS WAGONER
United States Attorney


/S/ LISA B. BOGGS
Assistant United States Attorney
NCSB #10635
United States Attorney's Office
Middle District of North Carolina
P.O. Box 1858
Greensboro, NC  27402
Phone:  336/333-5351
E-mail: lisa.boggs@usdoj.gov

</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA,      :
                               :
            v.                 :          1:09CR212-1
                               :
MICHAEL CHRISTOPHER ISLEY      :

CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2009, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: William C. Ingram, First Assistant Federal Public Defender.

Respectfully submitted,

ANNA MILLS WAGONER
UNITED STATES ATTORNEY


/S/ LISA B. BOGGS
Assistant United States Attorney
NCSB #10635
United States Attorney's Office
Middle District of North Carolina
P.O. Box 1858
Greensboro, NC  27402
Phone:  336/333-5351
E-mail: lisa.boggs@usdoj.gov